**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                )
WOODY VOINCHE,                   )
                                )
              Plaintiff,         )
                                )
        v.                       )   Civil Action No. 09-1081 (EGS)
                                )
BARACK OBAMA, President,[1]      )
_et al._,                        )
                                )
              Defendants.        )
                                )
_____)


<u>**MEMORANDUM OPINION**</u>

    Pending before the Court is defendants' motion to dismiss
or, alternatively, motion to dismiss and for summary judgment.
Upon consideration of the motion, the response and reply thereto,
the applicable law, the entire record, and for the reasons set
forth below, defendants' motion is **GRANTED**.

**I.    BACKGROUND**

    Plaintiff Woody Voinche, _pro se_, "is a private citizen who
has filed numerous lawsuits for personal information and for
information on the activities of government officials that is
unconstitutional[.]"  Compl. ¶ 3; _see also_ Defs.' Mem. at 1 n.1
(explaining that this is plaintiff's eighteenth lawsuit against
federal government agencies and officers).  Plaintiff, who is
seeking "records that were in the possession of the White House
and Executive Office of the President and National Archives,"
Compl. ¶ 3, brings this action against former President George W.

_____

    [1]  Pursuant to Federal Rule of Civil Procedure 25(d),
President Obama, in his official capacity as President, is
automatically substituted as the named defendant.

Bush; President Barack Obama; the Executive Office of the
President ("EOP"); the Office of Administration of the EOP
("OA"); the Head of the OA, in his official capacity; the
National Archives and Records Administration ("NARA"); the
Archivist of the United States ("Archivist"), in her official
capacity; United States Attorney General Eric Holder (the
"Attorney General"); and ten unknown federal and state agents
(collectively, "defendants"). Compl. ¶¶ 4-12. Plaintiff asserts
causes of action under the Presidential Records Act ("PRA"), 44
U.S.C. § 2201 *et seq.*; the Administrative Procedure Act ("APA"),
5 U.S.C. §§ 702, 703, 704, and 706; the Federal Records Act
("FRA"), 44 U.S.C. § 2101 *et seq.*, including the Disposal of
Records Act ("DRA"), 44 U.S.C. §§ 3301-3314; 18 U.S.C. § 3504
(concerning sources of evidence in criminal cases); the Omnibus
Crime Control and Safe Streets Act ("OCCSSA"), 18 U.S.C. §§ 2510-
20; the Foreign Intelligence Surveillance Act ("FISA"), 50 U.S.C.
§§ 1801-62; "every Amendment to the Constitution of the United
States of America, including but not limited to the 1st, 4th,
5th, 8th, and 14th Amendments"; Misprision of a Felony, 18 U.S.C.
§ 4; the Federal Tort Claims Act("FTCA"); the Freedom of
Information Act ("FOIA"), 5 U.S.C. § 552; the Privacy Act, 5
U.S.C. § 552a; and 42 U.S.C. §§ 1983, 1984, 1985, 1986 ("the
Civil Rights Acts"). Plaintiff also asserts a "Bivens action for
violation of Plaintiff's rights under 1st, 4th, 5th, 8th, and
other amendments to the Constitution," and "is challenging as

contrary to law the knowing failure of the defendants to recover, restore, and preserve certain electronic records and prevent erasure of emails, telephone records, voice mail, interagency or intraagency records, wiretaps, or any other records concerning the numerous emails the Plaintiff sent to the Bush or Obama administration on the subject of the FBI lawsuits and the surveillance of the Plaintiff and release of a toxic substance or any other lawsuits that Plaintiff has filed concerning this subject[.]" Compl. ¶¶ 1, 2.[2]

In response to plaintiff's complaint, defendants filed a motion to dismiss or, alternatively, motion to dismiss and for summary judgment. Plaintiff opposes this motion. Defendants' motion is now ripe for determination by the Court.

## II. STANDARDS OF REVIEW

### A. Rule 12(b)(1)

On a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of establishing that the

---

[2] Plaintiff's suit arises, at least in part, from a February 12, 2009 letter that plaintiff sent to President Obama, the EOP, the OA, the Council on Environmental Quality ("CEQ"), NARA, and the Archivist seeking "records . . . concerning any emails [plaintiff] sent to the Whitehouse concerning the FBI surveillance of [plaintiff], release of a toxic chemical in [plaintiff's] home, or any of the lawsuits [plaintiff has] filed against the FBI making these allegations[,] or documents on the case against [former President] George Bush and the Executive Office of the President[,]" as well as "any records the EOP has obtained from the FBI, CIA, NSA, or any other agency about [plaintiff]." Compl. ¶ 15.

court has jurisdiction. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). Because subject matter jurisdiction focuses on the court's power to hear a claim, the court must give the plaintiff's factual allegations closer scrutiny when resolving a Rule 12(b)(1) motion than would be required for a Rule 12(b)(6) motion for failure to state a claim. *Macharia v. United States*, 334 F.3d 61, 64, 69 (D.C. Cir. 2003). Thus, to determine whether it has jurisdiction over a claim, the court may consider materials outside the pleadings where necessary to resolve disputed jurisdictional facts. *Herbert v. Nat'l Acad. of Sciences*, 974 F.2d 192, 197 (D.C. Cir. 1992).

## B. Rule 12(b)(6)

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint. *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (internal quotation marks and citations omitted). "'[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint[,]'" *Atherton v. D.C. Office of the Mayor*, 567 F.3d 672, 681 (D.C. Cir. 2009) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and grant the plaintiff "the benefit of all inferences that can be derived from

4

the facts alleged." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). A court must not, however, "accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint. Nor must the court accept legal conclusions cast in the form of factual allegations." *Id.* In addition, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* A complaint must therefore plead "'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Atherton*, 567 F.3d at 681 (quoting *Iqbal*, 129 S. Ct. at 1949). This, in turn, "asks for more than a sheer possibility that a defendant has acted unlawfully"; a complaint alleging facts that are "'merely consistent with' a defendant's liability . . . 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 557).

### C. Summary Judgment

Rule 56 permits the Court to grant summary judgment only if the moving party has shown that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986); *Waterhouse v. District of*

*Columbia*, 298 F. 3d 989, 991 (D.C. Cir. 2002). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *See Celotex*, 477 U.S. at 323. In determining whether a genuine issue of material fact exists, the court must view all facts in the light most favorable to the non-moving party. *See Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). To survive a motion for summary judgment, plaintiff cannot merely rely on the unsupported allegations of the complaint, and must present more than the "mere existence of a scintilla of evidence" in his favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

### D. *Pro se* litigants

The pleadings of *pro se* parties are "to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (internal citations and quotation marks omitted). But "although a court will read a *pro se* plaintiff's complaint liberally," a *pro se* complaint, no less than any other complaint, "must present a claim on which the Court can grant relief." *Chandler v. Roche*, 215 F. Supp. 2d 166, 168 (D.D.C. 2002) (citing *Crisafi v. Holland*, 655 F.2d 1305, 1308 (D.C. Cir. 1981)). Because *pro se* litigants are afforded a more lenient pleading standard, their failure to respond to an argument is not construed as a

6

concession unless they have been advised of this rule. *See Neal v. Kelly*, 963 F.2d 453, 456 (D.C. Cir. 1992); *Fox v. Strickland*, 837 F.2d 507, 509 (D.C. Cir. 1988). This Court gave such notice by way of an Order issued on September 24, 2009.

**III. ANALYSIS**

As a threshold matter, defendants argue that "[d]ismissal of this action is appropriate because the Complaint does not contain a 'short and plain statement of the claim showing that the pleader is entitled to relief' as required by Rule 8(a)(2) of the Federal Rules of Civil Procedure." Defs.' Mot. at 1. Given the lenient pleading standards governing *pro se* complaints, *see supra* Section II.D, the Court **DENIES** defendants' request to dismiss plaintiff's complaint *in toto* for failure to comply with Rule 8(a). Instead, the Court will endeavor to address the specific allegations contained in plaintiff's complaint and supporting materials. *Cf. Greenhill v. Spellings*, 482 F.3d 569, 572 (D.C. Cir. 2007) (permitting courts to consider supplemental materials filed by *pro se* litigants in order to clarify the precise claims being urged). Because this case is, in essence, a "case for records that were in the possession of the White House and Executive Office of the President and National Archives," Compl. ¶ 3, the Court will begin by addressing plaintiff's FOIA claims.

## A.    Plaintiff's FOIA Claims

On February 12, 2009, plaintiff submitted a "Freedom of Information-Privacy Act request" to President Obama, EOP, OA, CEQ, NARA, and the Archivist seeking "records . . . concerning any emails [plaintiff] sent to the Whitehouse concerning the FBI surveillance of [plaintiff], release of a toxic chemical in [plaintiff's] home, or any of the lawsuits [plaintiff has] filed against the FBI making these allegations[,] or documents on the case against [former President] George Bush and the Executive Office of the President[,]" as well as "any records the EOP has obtained from the FBI, CIA, NSA, or any other agency about [plaintiff]." Compl. ¶ 15.[3]  Defendants seek to dismiss plaintiff's FOIA claims against the EOP, OA, former President George W. Bush, and President Barack Obama for lack of subject matter jurisdiction, and request summary judgment on plaintiff's FOIA claims against CEQ and NARA.  For the reasons discussed below, the Court hereby **GRANTS** defendants' motion as to plaintiff's FOIA claims.

_____

[3]    The FOIA requires that an agency, "upon any request for records which (i) reasonably describes such records and (ii) is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed, shall make the records promptly available" to the requester.  5 U.S.C. § 552(a)(3)(A).  The agency must "determine within 20 days (excepting Saturdays, Sundays, and legal public holidays) after the receipt of any such request whether to comply with [it] and shall immediately notify the [requester] of such determination and the reasons therefor, and of the [requester's] right . . . to appeal to the head of the agency any adverse determination." _Id._ § 552(a)(6)(A)(i).

## 1.   FOIA Claims Against the EOP and OA

Defendants assert that plaintiff's FOIA claims against the EOP and OA must be dismissed because neither entity is an agency subject to the FOIA.  This Court agrees.  *See United States v. Espy*, 145 F.3d 1369, 1373 (D.C. Cir. 1998) (explaining that because the EOP is an umbrella organization, "it has never been thought that the whole Executive Office of the President could be considered a discrete agency under FOIA")[4]; *Citizens for Responsibility & Ethics in Wash. v. Office of Admin.*, 566 F.3d 219, 224 (D.D.C. 2009)(concluding that the OA is "not an agency under FOIA").  Accordingly, the Court hereby **GRANTS** defendants' request to dismiss plaintiff's FOIA claims against these agencies.

## 2.   FOIA Claims Against Former President Bush and President Obama

The Court also agrees that plaintiff's FOIA claims against former President Bush and President Obama must be dismissed because "no FOIA claim may be asserted against individual federal officials." *Whittle v. Moshella*, 756 F. Supp. 589, 596 (D.D.C. 1991).[5]

---

[4]    Defendants do not, however, dispute that certain units within the EOP – such as the CEQ – are agencies subject to the FOIA.  *See infra* Section III.A.3 (requesting the entry of summary judgment as to Defendant CEQ).

[5]    While the records of a former president are generally subject to FOIA five years after the president leaves office, FOIA requests for presidential records must be submitted to NARA. *See generally Am. Historical Ass'n v. Nat'l Archives & Records Admin.*, 516 F. Supp. 2d 90, 92-95 (D.D.C. 2007) (providing an

### 3. FOIA Claim Against CEQ

With regards to plaintiff's FOIA claim against Defendant CEQ, defendants argue that they are entitled to summary judgment because plaintiff failed to exhaust his administrative remedies under the FOIA. Defs.' Mem. at 21-22; *see generally Bruzon v. DEA*, 576 F. Supp. 2d 1, 3 (D.D.C. 2008) (explaining that "'[e]xhaustion of administrative remedies is generally required'" before a FOIA suit may be filed in federal court (quoting *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 61 (D.C. Cir. 1990))). In support of their exhaustion claim, defendants provide the declaration of Edward Boling, Senior Counsel for Environmental Policy and Public Information at the CEQ. *See* Ex. A to Defs.' Mot., Declaration of Edward Boling ("Boling Decl."). This declaration indicates that CEQ received plaintiff's FOIA request on March 31, 2009, and immediately processed the request. Boling Decl. ¶¶ 9-10. Mr. Boling indicates that he was notified by CEQ staff on April 1, 2009 that "no responsive records had been found," and that he, in turn, "directly replied to Plaintiff with that finding." Boling Decl. ¶ 10. Indeed, by letter dated April 1, 2009, plaintiff was informed that "[n]o documents responsive to your request were located," and was further apprised that he had "45 days of the date of this letter" to appeal the finding.

---

overview of the Presidential Records Act and explaining that presidential records not otherwise restricted "shall be made available by the Archivist to the public after five years, generally subject to the conditions of the [FOIA]").

*See* Attach. to Boling Decl., Letter from Edward Boling to Woody
Voinche dated April 1, 2009.  No such appeal was filed.  *See*
Boling Decl. ¶ 11.  Because plaintiff does not dispute this
evidence or otherwise contest Defendant CEQ's request for summary
judgment, the Court hereby **GRANTS** defendants' motion for summary
judgment as to Defendant CEQ.

### 4.    FOIA Claim Against NARA

Defendants further argue that Defendant NARA is also
entitled to summary judgment because "NARA complied with the
requirements of FOIA in responding to Plaintiff's request for
information."  Defs.' Mem. at 24 (citing 5 U.S.C. § 552(a)(3),
(b)(1)-(b)(9)).  In support of their request for summary
judgment, defendants submitted the declaration of Steven Tilley,
Director of the Textual Services Division in the Access Program
Unit of the Office of Records Service at NARA.  *See* Ex. B to
Defs.' Mot., Declaration of Steven Tilley ("Tilley Decl.").  This
declaration indicates that plaintiff's FOIA request was processed
by NARA on February 23-24, 2010.  Tilley Decl. ¶¶ 9-10.
Plaintiff was advised by letters dated February 24, 2009,
February 26, 2009, and March 11, 2009 that no responsive records
were located.  *See* Tilley Decl. ¶¶ 11-13.  After plaintiff filed
an appeal with NARA on March 13, 2009, Deputy Archivist Adrienne
C. Thomas directly replied to plaintiff on April 21, 2009.  *See*
Ex. E to Tilley Decl., Letter from Adrienne C. Thomas to Woody
Voinche dated April 21, 2009.  In her letter, Ms. Thomas

explained that after "a reasonable search" for "all records relating to FBI surveillance of you, the release of toxic chemicals in your home, and any of the lawsuits you have against the FBI," no responsive records were found. *See* Ex. E to Tilley Decl. The letter further explained that the "George W. Bush Presidential records that you seek are not subject to request under the Freedom of Information Act until January 20, 2014," and therefore concludes that "your request for Bush presidential records is not ripe for appeal at this time." Ex. E to Tilley Decl.

In his opposition brief, plaintiff fails to dispute or otherwise respond to defendants' proffered evidence on this issue. *See* Defs.' Reply Br. at 8 ("Nowhere in Plaintiff's Opposition does he even mention his FOIA request to Defendant NARA, Defendant NARA's processing thereof, or Defendant NARA's sworn declaration attesting to the reasonableness and adequacy of its search for records responsive to Plaintiff's request[.]"). Therefore, having received no objection from plaintiff to entry of summary judgment on this issue, and having found defendants' evidence regarding the adequacy of NARA's search persuasive, the Court hereby **GRANTS** defendants' motion for summary judgment as to Defendant NARA.

### B. Plaintiff's Non-FOIA Claims

In addition to his FOIA claims, plaintiff also asserts numerous other causes of action against defendants.

Specifically, plaintiff alleges violations of the PRA, the APA, the FRA, the DRA, 18 U.S.C. § 3504, the OCCSSA, FISA, "every Amendment to the Constitution of the United States of America, including but not limited to the 1st, 4th, 5th, 8th, and 14th Amendments," 18 U.S.C. § 4, the FTCA, the Civil Rights Acts, as well as a *Bivens* claim (collectively, plaintiff's "non-FOIA claims"). In their motion, defendants provide detailed analysis explaining why each of these causes of action must be dismissed. While the Court will provide its own brief analysis below, the Court hereby **GRANTS** defendants' motion to dismiss plaintiff's non-FOIA claims substantially for the reasons articulated in defendants' motion and reply brief.

### 1. Claims Under the FTCA and FISA

Because plaintiff failed to address the arguments raised by defendants in their motion to dismiss regarding plaintiff's purported failure to exhaust his administrative remedies under either the FTCA or FISA – despite having been warned by the Court of the necessity to do so – the Court hereby **GRANTS** defendants' motion to dismiss plaintiff's FTCA and FISA claims.

### 2. Claims Under the FRA, PRA, and DRA

Defendants argue that plaintiff's claims under the FRA,[6]

---

[6]    The FRA is a collection of statutes that sets forth federal agencies' records creation, management, and disposal duties. *Citizens for Responsibility & Ethics in Wash. v. Exec. Office of the President*, 587 F. Supp. 2d 48, 52 (D.D.C. 2008) (citing 44 U.S.C. §§ 2101 *et seq.*, 2901 *et seq.*, 3101 *et seq.*, 3301 *et seq*). "FRA is intended to assure, among other things, '[a]ccurate and

PRA, and DRA must be dismissed because plaintiff fails to assert

any factual allegations in support of these claims. *See* Defs.'

Mem. at 12-13; Reply Br. at 3-4. Defendants explain that

"[p]laintiff's complaint offers no factual basis for his belief

that the records he seeks even exist, or to the extent they may

exist, that any such records have been destroyed or are at risk

of destruction." Defs.' Mem. at 12. This Court agrees.

Plaintiffs only proffered statement in support of these

claims is: "The emails at issue and other records may have been

improperly deleted or destroyed by the Executive Office of the

President and should be restored from backup tapes. The

Plaintiff also challenges the failure of the Archivist and the

Head of the Office of Administration to take enforcement action

to insure adequate preservation of all federal records." Compl.

¶ 2.[7] Such vague and speculative statements are simply

insufficient to state a cause of action under the PRA, FRA, or

DRA. *See generally Iqbal*, 129 S. Ct. at 1950 ("To survive a

_____

complete documentation of the policies and transactions of the
Federal Government,' '[c]ontrol of the quantity and quality of
records produced by the Federal Government,' and '[j]udicious
preservation and disposal of records.'" *Id.* (quoting *Armstrong v.
Executive Office of the President*, 1 F.3d 1274, 1278 (D.C. Cir.
1993)). The FRA also requires an agency to obtain the
Archivist's approval before disposing of any federal record. *Id.*
At 53.

[7]    While plaintiff's complaint contains a recitation of
the elements of the FRA, plaintiff does not even recite – much
less address – the elements of a claim under either the PRA or
DRA in either his complaint or opposition brief. *See* Defs.' Mem.
at 13; Defs.' Reply Br. at 3 n.3. The Court, therefore, is
simply left to guess at how plaintiff believes he has pled a
plausible claim for relief under these statutes.

motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n]- that the pleader is entitled to relief." (internal quotation marks omitted)); *Jaegar v. United States Gov't*, 524 F. Supp. 2d 60, 64 (D.D.C. 2007) (dismissing a *pro se* complaint where the allegations contained in the complaint were "far too conclusory to satisfy the notice pleading standards of Fed. R. Civ. P. 8(a)"). Accordingly, the Court hereby **GRANTS** defendants' motion to dismiss plaintiff's FRA, PRA, and DRA claims.

### 3. APA Claim

With regards to plaintiff's APA claim, defendants argue that "[b]ecause FOIA provides an adequate remedy for the relief Plaintiff seeks under his APA claim, the Court lacks subject matter jurisdiction to consider that claim." Defs.' Mem. at 13; *see generally Bennett v. Spear*, 520 U.S. 154, 162 (1997) ("[T]he APA by its terms independently authorizes review only when 'there is no other adequate remedy in a court[.]'" (quoting 5 U.S.C. § 704)). In response, plaintiff argues that "the APA authorizes review of a claim that the agencies [sic] policies are arbitrary and capricious and do not comport with the FRA." Pl.'s Opp'n Br. at 11; *see also* Pl.'s Opp'n Br. at 11 (citing *Armstrong v. Bush*, 924 F.2d 282, 296 n.12 (D.C. Cir. 1991) for the proposition that

private litigants may sue under the APA to require an agency head and archivist to take action to prevent the unlawful destruction or removal of records). While it is undoubtedly true that "a private party can sue under the APA to obtain a declaration that an agency's recordkeeping practices are contrary to law," *Citizens for Responsibility & Ethics in Wash. v. U.S. Dep't of Homeland Sec.*, 592 F. Supp. 2d 111, 124 (D.D.C. 2009), plaintiff has failed to allege that "'the [agency's] recordkeeping guidelines and directives are arbitrary and capricious.'" *Id.* (quoting Armstrong, 924 F.2d at 297)). Therefore, because "[p]laintiff has not asserted any facts suggesting that the records he seeks are not being preserved in accordance with the FRA, let alone exist," Defs.' Reply Br. at 4, the Court hereby **GRANTS** defendants' request to dismiss plaintiff's APA claim.

### 4. Criminal Code Claims

Plaintiff also invokes several sections of the federal criminal code as a basis for his action: (i) 18 U.S.C. § 3504; (ii) 18 U.S.C. § 4; and (iii) OCCSSA, 18 U.S.C. §§ 2510-2520. Defendants argue that "none of these statutes provides Plaintiff with a cause of action here," Defs.' Mem. at 14; this Court agrees. With regards to § 3504, this claim must fail because § 3504 does not provide plaintiff with an independent cause of action, rather it merely "establishes procedures to be followed 'upon a claim by a party aggrieved that evidence is inadmissible because' of an illegal interception" in any trial, hearing, or

other proceeding. *Gelbard v. United States*, 408 U.S. 41, 54 (1972). Plaintiff's claims under § 4 of the criminal code - misprision of felony - must fail for the same reason. *See, e.g.*, *Keyter v. Bush*, No. 03-2496, 2004 U.S. Dist. LEXIS 29046, at *8 (D.D.C. Aug. 4, 2004) (dismissing plaintiff's misprision of felony claim because the statute "do[es] not provide for a private cause of action"). Plaintiff's claim under OCCSSA must also be dismissed because "[a]lthough the Omnibus Crime Control and Safe Streets Act allows for the recovery of civil damages, the United States is specifically exempted." *Voinche v. Exec. Office of the President*, No. 06-1272 (D.D.C. June 12, 2007) (citing 18 U.S.C. § 2520). Accordingly, the Court hereby **GRANTS** defendants' request to dismiss these claims as well.

### 5. Constitutional Claims

In his complaint, plaintiff also asserts claims under "every Amendment to the Constitution of the United States of America, including but not limited to the 1st, 4th, 5th, 8th, and 14th Amendments." Compl. ¶ 1. Defendants argue that "[a]lthough Plaintiff repeatedly mentions numerous Constitutional Amendments and protections generally, he does not do so with the requisite specificity." Defs.' Mem. at 15-16 (internal citations and quotation marks omitted). Having closely reviewed plaintiff's complaint, the Court finds only vague assertions of purported constitutional violations. *See, e.g.*, Compl. ¶ 12 (alleging that federal and state agents "entered the Plaintiff's home and

17

released a poisen [sic] substance in violation of the 4th, 5th, 8th and other amendments"); Compl. ¶ 23 (alleging federal or state agents "listen[ed] in on phone conversations" in "violation of the due process, searches and seizures, cruel and unusual, equal protection, [and] other amendments"); Compl. ¶ 25 ("The Plaintiff has evidence of a 25 year conspiracy by the FBI and a number of Louisiana politicians to wiretap his phone and house, and the use of electronic tracking devices on his vehicle and the release of a toxic substance in his home [sic] or the FBI and Bush administration or [sic] knows who is doing this, in violation of the Constitution . . ."). These convoluted statements fail to provide the "requisite specificity" needed to survive a motion to dismiss. *See Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987) ("[I]f plaintiff is asserting a claim for constitutional violations he should do so with the requisite specificity, so as to give defendants notice, plead the involvement of each defendant and clarify what constitutional right has been violated."). Accordingly, plaintiff's constitutional claims are hereby **DISMISSED**.

### 6. Section 1983 Claim

The Court also **GRANTS** defendants' motion to dismiss plaintiff's claim under 42 U.S.C. § 1983. Defendants correctly recognize that § 1983 applies only to individuals acting under color of state law. *See* Defs.' Mem. at 5 ("Plaintiff's claims under § 1983 must be dismissed because that statute's provisions

18

implicate actions under state law and do not apply to federal officials acting under the color of federal law."); *see generally* 42 U.S.C. § 1983 ("Every person who, *under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia*, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . ." (emphasis added)). Plaintiff responds by arguing that his § 1983 action is cognizable against the "Unknown State Agents the Plaintiff listed as Defendants in this case." Pl.'s Opp'n Br. at 12. While this may be true, the Court nevertheless finds that plaintiff's complaint fails to state a claim for municipal liability. First, as noted above, plaintiff fails to state a predicate constitutional violation with requisite specificity. *See supra* Section III.B.5. Second, and equally fatal, plaintiff's complaint fails to allege a custom or policy of the municipality that caused the purported constitutional violation. *See Baker v. District of Columbia*, 326 F.3d 1302, 1306 (D.C. Cir. 2003) ("In considering whether a plaintiff has stated a claim for municipal liability . . . the court must [first] determine whether the complaint states a claim for a predicate constitutional violation. . . . [and] if so, then . . . determine whether the complaint states a claim that a custom or policy of the

municipality caused the violation."). Accordingly, plaintiff's § 1983 claim is hereby **DISMISSED**.

### 7. *Bivens* Claim

Defendants also argue that plaintiff has failed to plead an action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). Under *Bivens*, a plaintiff may bring "an action against a federal officer seeking damages for violations of the plaintiff's constitutional rights." *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 368 (D.C. Cir. 1997). A *Bivens* suit, however, "must be brought against federal officers in their individual capacity and '[t]he complaint must at least allege that the defendant federal official was personally involved in the illegal conduct.'" *Peavey v. Holder*, 657 F. Supp. 2d 180, 192 (D.D.C. 2009) (quoting *Simpkins*, 108 F.3d at 369). Here, plaintiff has neither sued nor served the named defendants in their individual capacities, nor alleged any facts suggesting that the federal officials named in his complaint – former President George W. Bush, President Barack Obama or Attorney General Eric Holder – were personally involved in the alleged conduct underlying plaintiff's purported *Bivens* claim. *See* Compl. ¶ 12 (explaining that his "Bivens style suit" is based on a conspiracy among defendants who "entered the Plaintiff's home and released a poisen [sic] substance"). Nor did plaintiff respond to defendants' argument that, "to the extent [plaintiff] is alleging a *Bivens* claim against any

20

individually named Defendant in his individual capacity, these Defendants, as federal government officials enjoy qualified immunity from constitutional and statutory claims." Defs.' Reply Br. at 6. Accordingly, the Court agrees with defendants that "[p]laintiff's *Bivens* claims against Defendants must be dismissed because Plaintiff has failed to state a claim for any violation of clearly established law, and Federal Defendants are shielded from liability for civil damages." Defs.' Mem. at 20; *see also supra* Section III.B.5 (finding that plaintiff failed to a plead a constitutional violation with requisite specificity).

**IV. CONCLUSION**

For the reasons set forth above, the Court **GRANTS** defendants' motion to dismiss and for summary judgment. An appropriate Order accompanies this Memorandum Opinion.

**Signed:     Emmet G. Sullivan**
              **United States District Judge**
              **September 29, 2010**

Notice to:
Woody Voinche
1132 North Main Street
Marksville, LA 71351